## SIBERT v. CONTINENTAL NAT. BANK OF JACKSON COUNTY, MO., et al.

No. 8669.

Circuit Court of Appeals, Eighth Circuit.
May 5, 1930.

John T. Harding, David A. Murphy, and R. Carter Tucker, all of Kansas City, Mo., for appellant.

Omar E. Robinson and Henry L. Jost, both of Kansas City, Mo., for appellees.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

MILLER, District Judge.

Appellant, plaintiff below, brings this action at law for damages against the Continental National Bank of Kansas City, Mo., and various individuals as copartners under the name of Dayton Construction Company, and the Dayton Construction Company.

Before trial the action was dismissed as to all parties defendant except the Continental National Bank of Kansas City, appellee herein.

The bank filed its answer, consisting of a general denial, lack of consideration, and ultra vires.

The reply was a general denial.

A written stipulation was filed waiving a jury, and the case was tried to the court, resulting in the court entering judgment in favor of appellee, and from that judgment appellant takes this appeal.

The action is predicated upon the failure of the bank to deliver to the appellant the $4,000 of street improvement bonds of the city of Sioux City, Iowa, called for in a certain written instrument set forth in his complaint as Exhibit A and received in evidence as Exhibit 1.

Omitting jurisdictional allegations not in issue, the complaint alleges that the Dayton Construction Company had executed in favor of the Iowa Association of Municipal Contractors an order upon the defendant, the Continental National Bank, for the delivery to that association of certain street improvement bonds of Sioux City, Iowa, in the amount of $4,000, which, with other bonds, the Continental National Bank held as security; that the order for the bonds was thereafter, for a valuable consideration, assigned to the appellant; that the order was accepted by the appellee, but not complied with; that the appellee is indebted to the appellant for the value of the bonds with interest.

Exhibit 1.

"Kansas City, Missouri.

"December 12th, 1921.

"The Continental National Bank, Kansas City, Mo.

"Gentlemen: For value received, you are hereby authorized to deliver to the Iowa Association of Municipal Contractors, 215 Flynn Bldg., Des Moines, Iowa, Street Improvement bonds of the City of Sioux City, Iowa, to the amount of four thousand dollars ($4,000.00).

"The present indebtedness of the undersigned to your bank is ($112,000.00). one hundred twelve thousand. As soon as bonds to the amount that will liquidate this indebtedness are delivered to you, it is understood and agreed that the above amount, viz.: $4,000.-00, of Sioux City bonds, will be immediately delivered to the Iowa Association of Municipal Contractors.

"Dayton Construction Company,
"By Chas. McCrea, Agent.
"McCrea Securities Company,
"By Chas. McCrea.
"Accepted: December 12th, 1921.
"The Continental National Bank,
"By J. F. Meade, Pt."

On the back of said Plaintiff's Exhibit 1 is indorsed in longhand the following:

"For value received we hereby assign and set over to J. G. Sibert all our right, title and interest in and to the within order.
"Iowa Assn. of Municipal Contractors,
"By J. D. Mangum, Ex. Secty."

The undisputed testimony shows that on December 12, 1921, and at the time appellee accepted said order, it had on hand and thereafter received other bonds, aggregating a total of $130,000; that said bonds were sold and brought an amount in excess of approximately $117,500, which was received by the appellee.

It thus clearly appears from the record that, after paying the $112,000 mentioned in Exhibit 1 as due to the bank at the date of acceptance, there was a balance amply sufficient to pay the $4,000, due the appellant, and the lower court so found; but the court further found from all of the evidence introduced that the actual agreement between the parties was not the agreement as set forth in Plaintiff's Exhibit 1, but was that the bank would turn over to the complainant such bonds as remained in its custody as security for the indebtedness of the Dayton Construction Company to it, when the indebtedness was liquidated in full, or at least to the amount of $130,000 instead of $112,000, and further found that all of the bonds held by the appellee, when sold, produced less than the amount of such indebtedness.

Defenses of lack of consideration and ultra vires were ignored, and we think rightly so. Consideration was clearly established, and as to ultra vires the instrument was executed in the regular course of the bank's business with reference to its securities, and the presumption is that it contracted within its powers. Wykes v. City Water Co. (C. C.) 184 F. 752, 755; Mine & Smelter Co. v. Stockgrowers' Bank (C. C. A.) 173 F. 859; Choctaw v. Bond (C. C. A.) 160 F. 403, 408.

ᵉ

There was no evidence to overcome this presumption.

The basis for the lower court's finding with reference to the actual contract between the parties as found by it was a document introduced as Defendant's Exhibit A.

### Exhibit A.

"December 12, 1921.

"Dayton Construction Company, Kansas City, Missouri.

"McCrae Securities Company, Kansas City, Missouri.

"Gentlemen: In consideration of the signing of order on the Continental National Bank for delivery to us of Bonds in the amount of $4000.00 and acceptance of same by The Continental National Bank, we hereby agree to immediately release attachment now on file at Sioux City against the Sioux City, Iowa—Jones Street Bonds—and hereby acknowledge receipt of payment in full of all claims against the Dayton Construction Company or the McCrae Securities Company.

"Very truly yours,
"Iowa Assn. of Municipal Contractors,
"[Signed] By S. D. Mangum,
Ex-Secretary.

"It is understood that the indebtedness shown in the Order above referred to (said order being received this date) is to be increased with said bank to approximately ($130,000.00) One Hundred Thirty Thousand Dollars.

"Iowa Association of Municipal Cts.
"[Signed] S. D. Mangum,
Ex-Secretary.

"Receipt of Bonds to the amount of $2,500.00 is hereby acknowledged.
"[Signed] S. D. Mangum,
Ex-Secretary.

"12-12-21

"A true copy of the original.
"Chas. E. McCrae."

To the introduction of this exhibit the appellant objected on the grounds that it was an attempt to alter, change, and vary the terms of a written agreement, and that it was not pleaded, mentioned, or set out in defendant's answer. Its admission is assigned as error.

Other assignments are that the judgment of the lower court is against the law; that the court erred by refusing to grant appellant's motion for a new trial; that the judgment and finding was for the wrong party.

Exhibit 1 is complete in itself, and contains nothing on its face indicating that it had been either modified or nullified. The bank seeks to repudiate it by the introduction of another instrument, Exhibit A, under a general denial, and argues this is permissible under the Missouri statute, section 1232, Rev. St. 1919, which provides, that the answer of a defendant shall contain, first, "a general or specific denial of each material allegation of the petition controverted by the defendant * * *"; second, "a statement of any new matter constituting a defense or counterclaim. * * *"

Was the postscript to Exhibit A, of which complaint is now made, new matter constituting a defense to Exhibit 1? If so, then it clearly should have been pleaded under the statute quoted.

Appellee says it was not, because it was necessary for the appellant to recover to prove that the bank at some time after December 12, 1921, had bonds with which to make payment to the appellant, and that it refused to make such payment; that any evidence which tends to controvert such proof is admissible under a general denial; that the postscript complained of was evidence of an understanding between McCrae and Mangum at the time the transaction involved was consummated that the indebtedness to the bank for which the bonds were held as security was $130,000 instead of $112,000; that "new matter constituting a defense" is limited to matter arising after the consummation of facts constituting the cause of action. Therefore a cause of action never existed, and evidence which will show that it never had legal existence is admissible under a general denial, in support of which appellee cites divers authorities, with which, when applied to the facts on which they are based, we find no fault.

But it must be borne in mind that both appellee and appellant were parties to Exhibit 1, a complete and unambiguous instrument, fixing the rights of both parties.

The introduction of Defendant's Exhibit A permitted appellee to defend against Exhibit 1 by proving the execution of another written instrument to which appellant was not a party, and of which he claims he had no knowledge. Its sponsor is the Iowa Association of Municipal Contractors, named in Exhibit 1 as originally entitled to receive the bonds involved herein, which had, before the acceptance of said exhibit, assigned its rights to the appellant by indorsement on the back thereof.

To such a state of facts the authorities cited by appellee are not in point. It seems

too clear to permit of argument that the defense offered by the introduction of Defendant's Exhibit A is new matter and should have been pleaded under the statutes cited. It follows that its admission was reversible error.

In view of the fact that the record on a new trial will likely present a different situation, we think it best not to pass on the assignments alleging the judgment of the court below to be contrary to law, and that the findings were for the wrong party.

Cause reversed, with instructions to grant a new trial.